## Cobb vs. Lunt ex'r.

In order to prove the authority of an agent in a particular transaction, it is competent for the party, under certain limitations, to give evidence of his conduct, dealings, and declarations in other contemporaneous affairs of the principal from which a general agency might be inferred.

In this action, which was *assumpsit,* the defendant filed, by way of offset, an account in which the plaintiff was charged with a certain quantity of hay, as having been sold and delivered to him by *Daniel Lunt,* the testator. The plaintiff admitted the delivery of the hay, but alleged that he received it of *George W. Lunt,* the defendant, as the agent, and by the authority of his father the testator, in part payment for a piece of land which he bought of the plaintiff. To establish these facts, he offered to prove, by witnesses, the conduct and dealings, and accompanying statements of the defendant, in the lifetime of the testator, relating to them. The defendant objected to the admission of this evidence, till his agency should first be proved; but as the plaintiff stated that the proof of the agency would grow out of and be collected from the transactions offered to be proved, the Chief Justice, before whom the cause was tried, admitted the testimony, not deeming it practicable to separate it; but instructed the jury that all such acts, and dealings, and accompanying statements must be considered as of no importance in the cause, unless they should be satisfied from all the evidence, that in the transac

tions relating to the hay in question, the defendant was the authorized agent of the testator, or that his acts as such were subsequently recognized and adopted by the testator. The plaintiff also offered to prove the declarations of the defendant, since the decease of his father, stating that he delivered of the hay to the plaintiff, as his father's agent, and for the purpose alleged by the plaintiff. To the admission of this evidence also, the defendant objected ; but the Chief Justice overruled the objection.

It appeared that in the afternoon of *April* 9, 1823, the defendant delivered to the plaintiff fifty dollar's worth of hay at his father's barn ; and that in the conversation immediately preceding, the plaintiff stated to the defendant that " he had sold all he had there, and had got *Daniel Lunt's* note for 450 dollars, and that squire *Bishop* had been up and done the business;" and that the fifty dollar's worth of hay was to make up the price of the land sold, and was so received by the plaintiff.

Against this evidence it was contended by the defendant, that the contract for the land was perfect and completed by the plaintiff and the testator himself, in the forenoon of that day ; and that by the terms of the contract the price was 450 dollars ; which was so stated in the deed of conveyance, and also in a mortgage taken at the same time by the plaintiff ; and that a note was then given for that sum as the purchase money ; and therefore the parol proof was inadmissible, as it was intended to contradict or vary the contract previously completed with the testator. To support this objection the defendant called Mr. *Bishop*, who testified that being sent for, he went to the testator's on the ninth of *April*, where he found the plaintiff, with an unexecuted deed of the land ; that the testator was sick in his bed ; that the defendant also was present ; that he saw the deed signed and sealed by the plaintiff, and witnessed and took the acknowledgement of it ; that a note was written for 450 dollars as the price of the land, which was signed by the testator ; who also executed and acknowledged before the witness a mortgage of the same land to the plaintiff. This took place at about eleven o'clock in the forenoon ; no other contract or considera-

tion for the land was mentioned on that occasion ; the papers were laid on the table ; but the witness saw no formal delivery of them ; and soon after left the house. The deed was produced by the defendant, at the trial ; and the plaintiff had received the note. There was no other proof of any exchange or delivery of the papers.

The Chief Justice left this evidence to the jury, to decide at what time the contract was completed by the delivery of the deeds and the note; instructing them, that if it was thus completed before the conversation and bargain about the hay in the afternoon, and for the price specified in the deeds and note, they ought to find for the defendant, on the offset ; on the ground that such completed contract was not susceptible of contradiction or explanation by the subsequent transactions of the afternoon, between the plaintiff and defendant. But they found for the plaintiff, disallowing the offset. The defendant moved that the verdict should be set aside, because it was against the evidence as to the time when the contract was completed. The other points raised at the trial were reserved by the chief justice for the consideration of the court.

*Longfellow*, for the defendant, argued upon the evidence, in support of the motion at common law. He also contended that the parol testimony ought not to have been admitted ; because it went to contradict the written contract, which was already perfected by the testator himself, by the signature and delivery of the deeds and note ; and because the contract related to real estate, and therefore could not be proved by parol. The declarations also, of the defendant, made in the life time of his father, were inadmissible, being but hearsay, not connected with the transaction in issue, and so no part of the *res gesta*.

*Fessenden* and *Deblois*, for the plaintiff, contended that parol testimony of the defendant's general authority to act for his father was properly admitted; the authority not having been expressly conferred, but resulting from a course of conduct and dealing, in a great variety of transactions. *Paley on Agency* 137. *Show.*

95.  12 *Mod.* 564.  *Hazard v. Treadwell* 1 *Stra.* 506.  3 *Salk.*
234.  *Holt,* 278.  *Peake's Ca.* 48.  *King v. Bigg* 3 *P. Wms.*
427.  1 *Stark. Ev.* 57.  *Whitehead v. Tuckett* 15 *East.* 400.  2
*Esp.* 511.  *Burt v. Palmer* 5 *Esp.* 145.  *Emerson v. Blonden* 1
*Esp.* 142.  *Peto v. Hayne* 5 *Esp.* 134.  *Watkins v. Vince* 2 *Stark.*
368.  *Ward v. Evans* 2 *Salk.* 442.  *Erick v. Johnson* 6 *Mass.*
193.  2 *Stark. Ev.* 42.  1 *Bay,* 158.  *Fairly v. Hastings* 10 *Ves.*
127.  The declarations of the defendant after he became exe-
cutor, were admissible upon another ground, being the confes-
sions of a party to the record.  *Bauerman v. Radenius* 7 *D. & E.*
663.  1 *Phil. Ev.* 74.  *Johnson v. Beardsley & al.* 15 *Johns.* 3.

To the objection drawn from the statute of frauds, they cited
*Wilkinson v. Scott.* 17 *Mass.* 257.  *Shepherd v. Little* 14 *Johns.*
210.  *Rex v. Scammonden* 3 *D. & E.* 474.

The opinion of the court was read at the following *November*
term, as drawn up by

MELLEN C. J.   Notwithstanding the counsel have deemed it
prudent to cite numerous authorities, we apprehend that the
questions raised in the cause may be satisfactorily answered
without any laboured investigation.

The first question is, whether the verdict ought to be set aside
and a new trial granted, on account of any incorrect decisions or
instructions of the judge, who presided at the trial.

The plaintiff, in order to shew that the defendant was the
agent of his father, *Daniel Lunt*, offered to prove a series of facts
from which it was contended the jury might fairly presume such
agency ; such as the implied authority or subsequent assent and
ratification of said *Daniel*.   This was objected to ; but the very
nature of the evidence offered was such as to render it improper
for the judge to exclude it ; and proper for him to admit it, sub-
ject to those limitations and instructions which accompanied the
evidence.   No other course could have been pursued, without
at once depriving the plaintiff of the benefit of all presumptive
proof ; a species of proof peculiarly proper for the consideration
of a jury.   The objection to this admission under the instructions
given, is overruled.

Cobb *v.* Lunt.

The next evidence objected to by the plaintiff, was that of the confessions or declarations of the defendant, since his father's death, and since he assumed the character of executor of his will.    Little reliance seems to have been placed on this objection, and with good reason ; the authorities seem clear on the point, that the confessions or declarations of a party on record are proper evidence for the jury.    We therefore approve of the judge's decision by which evidence was admitted of such confessions or declarations.

The remaining question is, whether the motion at common law, to set aside the verdict on the ground that it is against the evidence in the case, shall be sustained.    This motion has reference merely to the testimony respecting the time when the bargain for the land was completed, and the terms of that bargain. The jury have found, that it was not completed until the hay was delivered ; and that the hay, so delivered, was in itself the completion of the contract, and of the payment of the purchase money. If the evidence on these points authorized them to draw this conclusion, then the verdict is right and the plaintiff is entitled to judgment.

In examining this point, we must remember that the question of agency has been settled by the jury ; so that whatever took place at the time the hay was delivered must be considered as done by the plaintiff and *Daniel Lunt.*    Now there is no positive proof when the deed was delivered.    *Bishop*, the justice, does not know, nor does it appear with certainty, when the note for $450 came into the hands of the plaintiff.    The only evidence on this subject is, that in the conversation immediately preceding the delivery of the hay, it was stated by the plaintiff to the defendant that " he had sold all he had there, and had got *Daniel Lunt's* note for $450, and that Esquire *Bishop*, had been up, and done the business ; and that the fifty dollar's worth of hay was to make up the price of the land."    It does not therefore appear from all this evidence, what was the exact amount of consideration.    There being no precise proof as to the time when the deed was delivered, that point was a matter of inference, and consequently a proper subject for the consideration of the jury ;

and we cannot pronounce their verdict on this head to be against the evidence in the cause.    But admitting that the facts were such as that *Cobb* could not by law have recovered the fifty dol-lar's worth of hay ; still, the proof is that *Daniel Lunt.* by the defendant, his authorised agent, actually delivered the hay to the plaintiff, as in part payment for the land ; and having voluntarily done this, he must not now be permitted to convert a payment into a charge, and a right of action.    Though a man is not bound to pay a debt barred by the statute of limitations, or perform a promise made without legal consideration ; and though no action can be maintained on such promises ; yet if such debt has been voluntarily paid, or such promise voluntarily performed, no ac-tion will lie to recover the money back    again ; *volenti non fit injuriæ.*

On these grounds our opinion is, that the motion at common law to set aside the verdict and grant a new trial cannot be sustain-ed.    Let there be

*Judgment on the verdict.*